| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

| | |
| --- | --- |
| PATRICIA BETRO, | |
| **Plaintiff,** | **1:21-cv-00240-WAL-GWC** |
| **v.** | |
| THE BUCCANEER, INC. | |
| **Defendant.** | |

TO:   Ryan W. Greene, Esq.
        Robert J. Kuczynski, Esq.

## MEMORANDUM ORDER

THIS MATTER is before the Court upon Defendant's Motion to Compel Arbitration and Stay Proceedings (ECF No. 10).  Plaintiff filed an opposition to the motion (ECF No. 12). Defendant filed an untimely reply (ECF No. 13).

### I.    BACKGROUND

This is a personal injury action in which Plaintiff alleges that, on August 31, 2019, while she was a guest at The Buccaneer ("Defendant"), she tripped over a small "strobe" or "stage" light while attending a wedding reception on the premises. (ECF No. 1 at 2). The parties do not dispute that when Plaintiff and her husband arrived at the hotel, Plaintiff's husband signed the check-in form that included an arbitration agreement. Defendant claims that Plaintiff's husband signed the check-in form for himself and on behalf of Plaintiff, who were both listed as guests on the form. (ECF No. 11 at 1). Defendant claims

*Betro v. The Buccaneer, Inc.*
1:21-cv-00240-WAL-GWC
Memorandum Order
Page 2

that there is a valid arbitration agreement between Defendant and Plaintiff that covers the

alleged incident. (ECF No. 11). That arbitration agreement states as follows:

> Any dispute, controversy or claim of any kind whatsoever, including but not limited
> to torts allegedly resulting in injuries while on the hotel property, and including also
> all disputes about the validity of this arbitration clause or the breach thereof, shall
> be settled by a mutually agreed to local arbitrator and judgment on the award
> rendered by the arbitrator may be entered in any court having jurisdiction thereof.
> The parties agree that all decisions of the Arbitrator shall be conclusive and binding
> on all parties and that each side in any dispute will bear half the costs involved in
> any arbitration. This arbitration agreement covers all claims as set forth herein
> between the undersigned and The Buccaneer, Inc. and/or its agents, directors,
> officers and employees and will continue from the time of the acknowledgement of
> this agreement by the undersigned until it is otherwise terminated in writing by the
> agreement of the parties. In the event a court or arbitrator declares that the
> arbitration clause is not enforceable or does not cover the claim in question, then
> the parties agree that the matter will proceed in court as a non-jury trial as EACH
> PARTY EXPRESSLY WAIVES ITS RIGHT TO A JURY TRIAL IN ANY SUCH
> PROCEEDING.

(ECF No. 11, Ex. A).

In the instant motion, Defendant seeks a court order compelling arbitration and a

stay of this lawsuit until arbitration is complete. (ECF No. 11 at 10). Plaintiff argues that

there is no contract for arbitration between Plaintiff and Defendant. (ECF No. 12 at 3).

## II.   APPLICABLE LEGAL PRINCIPLES

### 1.  Federal Arbitration Act

Under the Federal Arbitration Act ("FAA"), a district court has jurisdiction over a

petition to compel arbitration only if the court would have jurisdiction over "a suit arising

out of the controversy between the parties" without the arbitration agreement. 9 U.S.C. § 4;

*accord Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (observing that an independent basis

*Betro v. The Buccaneer, Inc.*
1:21-cv-00240-WAL-GWC
Memorandum Order
Page 3

for federal jurisdiction over a dispute is required and that the FAA is not itself a basis for

federal jurisdiction). Here, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, because

the parties are citizens of different states. This Court thus has jurisdiction to decide

Defendant's motion.

The FAA applies to a contract "evidencing a transaction involving commerce to

settle by ... or submit to arbitration" any controversy arising out of that contract. 9 U.S.C. §

2. Further, the FAA establishes a "strong federal policy in favor of resolving disputes

through arbitration." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 219 (3d Cir. 2014) (quotation

marks omitted). Thus, "the Act [i.e., the FAA], both through its plain meaning and the strong

federal policy it reflects, requires courts to enforce the bargain of the parties to arbitrate"

whenever possible. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985); *see also*

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (stating that

courts are required to resolve "any doubts concerning the scope of arbitrable issues ... in

favor of arbitration"). In addition, the FAA requires that written arbitration agreements be

"valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for

the revocation of any contract." 9 U.S.C. § 2; *see also First Options of Chi., Inc. v. Kaplan*, 514

U.S. 938, 943 (1995) ("[A]rbitration is simply a matter of contract between the parties; it is

a way to resolve those disputes—but only those disputes—that the parties have agreed to

submit to arbitration.").

*Betro v. The Buccaneer, Inc.*
1:21-cv-00240-WAL-GWC
Memorandum Order
Page 4

Accordingly, prior to compelling arbitration pursuant to the FAA, a court must first conclude that a valid agreement to arbitrate exists. *Flintkote Co.*, 769 F.3d at 220. To determine this, the court applies state-law principles of contract formation. *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020). The FAA requires courts to stay litigation and compel arbitration of claims covered by a written, enforceable arbitration agreement. *Id.*; *see* 9 U.S.C. §§ 3-4, § 206.

**2.  Standard for Deciding a Motion to Compel Arbitration**

When considering a motion to compel arbitration, a district court must apply either the standard used to resolve motions to dismiss or that used to resolve motions for summary judgment. Where "it is apparent" based on the complaint and supporting documents "that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Fed. R. Civ. P. 12(b)(6) standard without discovery's delay." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (quotation marks omitted). In other words, "[m]otions to compel arbitration are reviewed under Rule 12(b)(6) '[w]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or ... documents relied upon in the complaint).'" *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). Conversely, where arbitrability is not apparent, or if the party seeking to avoid arbitration has put forth sufficient additional facts to place the agreement to arbitrate in issue, a motion to compel arbitration should be considered under a Fed. R. Civ. P. 56 summary

judgment standard, after providing the parties the opportunity for limited discovery on the

issue of arbitrability. *Id*. Defendant has provided the Court with a copy of the arbitration

agreement. (ECF No. 11-1). Thus, the Court will review Defendant's motion under a Rule

12(b)(6) standard.

### 3. Virgin Islands Law

In determining whether to compel arbitration, courts rely on the principles of

applicable state law. *See Golden Gate Nat'l Senior Care, LLC v. Addison*, Case No. 14-MC-

0421, 2014 U.S. Dist. LEXIS 134280, 2014 WL 4792386, at *13 (M.D. Pa. Sept. 24, 2014)

(citing *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S.

468, 475 (1989)). "The Virgin Islands Supreme Court has not expressly adopted the

common law rule for formation of a valid contract." *Valentin v. Grapetree Shores*, Case No.

SX-11-CV-305, 2015 V.I. LEXIS 76, 2015 WL 13579631, at *3 (V.I. Super. Ct. June 30, 2015).

"However, the basic elements for what constitutes a valid contract are so widely accepted

and fundamental to the practice of law in the Virgin Islands and every other United States

jurisdiction that maintaining these elements is unquestionably the soundest rule for the

Virgin Islands." *Id.* (citing *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (2014)).

Thus, "[i]n the Virgin Islands, a valid contract requires a 'bargain in which there is a mutual

assent to the exchange, and consideration.'" *Id.*; *accord Sunshine Shopping Ctr., Inc. v. LG

Elecs. Panama*, S.A., Case No. 2015-0041, 2018 U.S. Dist. LEXIS 161884, 2018 WL 4558982,

at *7 (D.V.I. Sept. 21, 2018) (applying Virgin Islands law). "Assent is not measured by

subjective intent, but by outward expression." *Valentin*, 2015 V.I. LEXIS 76, 2015 WL

13579631, at *3. Further, "[i]n an arbitration agreement, consideration exists where both

parties agree to be bound by the arbitration." *Id*.

### 4. Signature

"'Signatures are not dispositive evidence of contractual intent ... As a general rule,

signatures are not required for a binding contract unless such signing is expressly required

by law or by the intent of the parties.'" *Fitz v. Islands Mechanical Contr., Inc.*, 53 V.I. 806, 817

(2010) (citations omitted). The FAA does not require that the arbitration agreement be

signed by all parties. *Id*. (citing 9 U.S.C. §§ 2, 4). Courts have routinely enforced unsigned

arbitration agreements when the parties have otherwise manifested their intent to be

bound by them. *Id*. at 817-18 (citing *Wells v. Merit Life Ins. Co.,* 671 F.Supp. 2d 570, 572 (D.

Del. 2009) ("Each page of the credit agreement was initialed by both borrowers, plaintiff

and her husband, and the parties' signatures were affixed to the final page."); *Marini v.*

*Quality Remodeling Co.*, 2006 N.J. Super. Unpub. LEXIS 597 (2006) (Affirming holding that

wife was subject to arbitration clause when husband signed home repair contract on behalf

of himself and her even though wife did not sign the contract but asserted that she was a

party to the agreement.)).

## III.   DISCUSSION

Plaintiff claims that "[b]ecause Defendant fails to present the court with an

arbitration contract executed by Plaintiff," no valid agreement to arbitrate exists. (ECF No.

*Betro v. The Buccaneer, Inc.*
1:21-cv-00240-WAL-GWC
Memorandum Order
Page 7

12 at 3). Plaintiff responds to neither Defendant's argument that Plaintiff's signature was not required to create a valid arbitration agreement, nor to Defendant's argument that Plaintiff's husband acted as her agent when signing the check-in form with the arbitration agreement.

Here, the arbitration agreement is enforceable and valid without Plaintiff's signature on the check-in form. It involves interstate commerce in that Plaintiff is a Massachusetts citizen who was a paid guest at The Buccaneer, which has Virgin Islands citizenship. Further, the agreement is valid, because Plaintiff was a party to the agreement as a condition of her stay at the hotel. Plaintiff's name and email appear on the check-in form, identifying her as a party to the contract. (ECF No. 11-1). Plaintiff's husband signed the check-in form, which included both his and Plaintiff's names. *Id*. Plaintiff signed the check-out form, which also included both her and her husband's names. (ECF No. 11-2).[1] Plaintiff's lack of signature on the check-in form does not avoid her being a party to the contract.

### IV.   CONCLUSION

Accordingly, it is now hereby **ORDERED**:

---

[1] Regarding consideration, even though the parties have not yet engaged in any fact-finding, the Court presumes that Plaintiff used and benefitted from The Buccaneer's services. Defendant cites lodging and amenities, "including restaurants and boutiques" as potential benefits of Plaintiff's stay at the hotel. (ECF No. 11 at 7). While the Court will not speculate as to what Plaintiff may or may not have done while at the hotel, it is an almost inescapable fact that a benefit(s) was conferred upon her simply by virtue of her stay there. *See Twin Cities Mgmt. v. Abid Iqbal & Iggy Mgmt.*, No. A-5821-17T1, 2020 N.J. Super. Unpub. LEXIS 741, 2020 WL 1943232, at *12 (N.J. Super. Ct. App. Div. Apr. 23, 2020) ("[C]onsideration need not be significant; whatever consideration the parties agree to is significant.").

*Betro v. The Buccaneer, Inc.*
1:21-cv-00240-WAL-GWC
Memorandum Order
Page 8

1.      Defendant's Motion to Compel Arbitration and Stay Proceedings (ECF No. 10)

is **GRANTED**.

2.      The case is **STAYED** pending completion of arbitration.

3.      The parties are to file with the Court a status report concerning the

arbitration process no later than **February 16, 2022**.

ENTER:

Dated: August 16, 2021                    /s/ George W. Cannon, Jr.
                                          GEORGE W. CANNON, JR.
                                          MAGISTRATE JUDGE